Dickie L. WILSON, 309 52 7968, Gunnery Sergeant (E–7), U.S. Marine Corps, Petitioner,

v.

R.E. OUELETTE, Colonel, U.S. Marines Corps, Military Judge, Respondent.

NMCM No. 913025 M.

U.S. Navy–Marine Corps Court of Military Review.

9 Dec. 1991.

Lawrence W. Muschamp, Lt. Cmdr., JAGC, USN, Washington, D.C., appellate government counsel.

Dwight H. Sullivan, Captain, US Marine Corp., James A. Douglas, Lt. JAGC, USNR, Washington, D.C., appellate defense counsel.

R.J. Dove, Havelock, N.C., civilian defense counsel.

MOLLISON, Judge:

The petitioner moves this Court under the All Writs Act, 28 U.S.C. § 1651(a), to issue a writ of mandamus directing the respondent to permit the petitioner to introduce evidence in support of a challenge for cause against the respondent or, in the alternative, to disqualify himself from petitioner's court-martial. More particularly, petitioner seeks to call as witnesses a former military judge (Lieutenant Colonel Stevens) and a sitting junior military judge (Major Anderson) within the respondent's circuit. The petitioner also seeks a stay in the trial proceedings pending a determination of the matter.[1]

■ "The writ of mandamus is a drastic instrument which should be invoked only in truly extraordinary situations." *United States v. LaBella*, 15 M.J. 228, 229 (C.M.A.1983). In special circumstances mandamus is available to review a trial judge's ruling on disqualification. *See United States v. Gregory*, 656 F.2d 1132, 1136 (5th Cir. Unit B 1981); Annot., 56 A.L.R.Fed. 494 (1982). The accused has the burden of demonstrating his right to mandamus is clear and undisputable. *United States v. Thomas*, 33 M.J. 768 (N.M.C.M.R.1991). The question before us, therefore, is whether the petitioner has clearly and indisputably demonstrated that

this situation is truly extraordinary and that he is entitled to this drastic remedy.

A military judge must disqualify himself from presiding at a court-martial if either "general" or "specific" grounds for disqualification exist. Rule for Courts–Martial (R.C.M.) 902, Manual for Courts–Martial, United States, 1984. As to the general ground for disqualification, a military judge must disqualify himself in any proceeding in which that military judge's impartiality might reasonably be questioned. R.C.M. 902(a).

■ "A judge is presumed to be qualified and so the burden placed upon the party seeking disqualification is substantial in proving otherwise." *United States v. Allen*, 31 M.J. 572, 601 (N.M.C.M.R.1990), *affirmed* 33 M.J. 209 (C.M.A.1991). Claims of partiality must have a factual basis. The moving party has the burden of establishing a reasonable factual basis for disqualification. More than mere surmise or conjecture is required. *Id.* at 605. The parties are permitted to question the military judge and present evidence regarding a possible ground for disqualification before the military judge decides the matter. R.C.M. 902(d)(2). The moving party can shoulder its burden of proving disqualification, for example, by filing affidavits, offering documentary evidence, entering into stipulations of fact or expected testimony, or calling witnesses, to establish the facts and reasons in support of its challenge for cause.[2] *Id.* at 607. The military judge's ruling on a challenge for cause is reviewable on appeal for abuse of discretion. *United States v. Elzy*, 25 M.J. 416, 417 (C.M.A.1988).

■ The test for disqualification is not actual partiality but the existence of a reasonable question about impartiality. *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir.1985), *cert. denied*, 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986).[3] The

---

1. By order dated 29 November 1991, the Court stayed the petitioner's court-martial until 6 December 1991.

2. Assuming arguendo, the production of witnesses on the issue of disqualification is governed by the same rules that concern the production of witnesses on other interlocutory issues, the moving party bears the burden of showing the requested witnesses' testimony on the issue of the trial judge's disqualification is relevant and necessary, and the military judges'

ruling on the production of the witnesses would be subject to review for abuse of discretion. Articles 36, 46, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 836, 846; R.C.M. 703(b)(1), 905(b)(4), (c), 906(b)(7); *e.g., United States v. Roberts*, 10 M.J. 308 (C.M.A.1981).

3. R.C.M. 902 is based on the statutory standards applicable to federal civilian proceedings. 28 U.S.C. § 455; Analysis, R.C.M. 902, M.C.M.App. 21–45.

test for the appearance of partiality is "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir.1985); *Allen,* 31 M.J. at 601, 604, 605.

▮ Personal, not judicial, bias is a proper basis for disqualification. *Allen,* 31 M.J. at 607; *United States v. Thompson,* 483 F.2d 527 (3d Cir.1973); Annot., 40 A.L.R.Fed. 954 (1978). "[It] must stem from personal, extrajudicial sources, although there is an exception where pervasive bias and prejudice is shown by otherwise judicial conduct." *Gregory,* 656 F.2d at 1137 (judge's intemperate remark when furnishing financial disclosure information to counsel not disqualifying). "A judge's inappropriate comments in one case do not necessarily preclude his fairly presiding over other trials." *United States v. Roldan–Zapata,* 916 F.2d 795, 802 (2d Cir. 1990) (judge's disparaging remarks concerning Columbians in unrelated trial not disqualifying). Nor does the fact that a judge has strong feelings about a particular crime automatically disqualify him from sentencing those who commit that crime. *United States v. Borrero–Isaza,* 887 F.2d 1349, 1357 (9th Cir.1989) (trial judge's consideration of defendant's South American origin required remand for re-sentencing, but same judge could sit). Usually, the bias must focus on a particular party, however, when a judge's remarks in a judicial context demonstrate a pervasive bias and prejudice, it may constitute bias against the party. *United States v. Monaco,* 852 F.2d 1143, 1147 (9th Cir.1988), *cert. denied,* 488 U.S. 1040, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989) (in sentencing defendant judge's expressions of enormity of crime and defendant's failure to take responsibility not disqualifying); *Hamm v. Members of the Board of Regents of the State of Florida,*

708 F.2d 647, 651 (11th Cir.1983) (friction with counsel did not constitute pervasive bias); *see also Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1050–52 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *In re Muller,* 72 B.R. 280, 288 (C.D.Ill.1987), *aff'd,* 851 F.2d 916 (7th Cir.1988), *reh'g* and *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989). If bias is directed against a class, the accused is in the class, and the bias is of such a nature and intensity that it prevents the accused from obtaining a sentence uninfluenced by the judge's prejudgment, the judge should disqualify himself. *Thompson,* 483 F.2d at 529 (judge's policy stated in camera in an unrelated case that Selective Service Act violators would receive 30 months if they were good people was disqualifying). Additionally, a fixed view as to sentencing is inconsistent with the discretion vested in a trial judge to fulfill his mandate to tailor the sentence to the offense and the offender. *Id.* The scope of the *voir dire* of the military judge as to his disqualification on grounds of partiality is determined by the specific inquiry's relevance to the military judge's impartiality in the case before him.

▮ In the case at bar, petitioner's counsel conducted extensive *voir dire* of the circuit military judge.[4] The *voir dire* lasted three hours and filled 73 pages of single-spaced transcript. No specific grounds for disqualification (e.g., personal bias or prejudice concerning a party, etc.) were raised. R.C.M. 902(b). Instead, counsel inquired *inter alia* into personnel matters pertaining to a former judge named Lieutenant Colonel Stevens, the respondent's supervision of Lieutenant Colonel Stevens, the respondent's investigation of judicial misconduct by another junior judge in an unrelated case, the respondent's evaluation of the performance of military counsel appearing before him, the respondent's recommendation for clemency in an unrelated case, and a comment by the respondent to

**4.** Grounds for disqualification should be raised at the earliest reasonable opportunity. Discussion, R.C.M. 902(d)(1). Here, *voir dire* of the respondent occurred after the accused had submitted a suppression motion and received an

adverse ruling. The basis for the subsequent challenge of the respondent did not concern the ruling on the motion. Adverse rulings alone do not themselves constitute a basis for disqualification. *Allen,* 31 M.J. at 603.

Lieutenant Colonel Stevens concerning the value of sentences that exceed pretrial agreement limitations. From these matters the petitioner asserted the respondent had engaged in "judicial misconduct" in the past and was, therefore, generally unqualified to sit as a trial judge in the petitioner's case now at trial. Record at 391. Now the petitioner asserts only one of the matters raised at trial as a basis for the petition.

Citing appellate exhibits and Lieutenant Colonel Stevens' recent affidavit, the petitioner asserts that Lieutenant Colonel Stevens was assigned as a military judge in the Piedmont Judicial Circuit from August 1989 through November 1990; that the respondent was the circuit military judge and Lieutenant Colonel Stevens' superior; that Lieutenant Colonel Stevens was first certified as a general court-martial judge in April of 1990; that his first general court-martial was a guilty-plea, judge-alone case, unrelated to the petitioner's; that Lieutenant Colonel Stevens awarded the accused in that case 18 months confinement, which exceeded the pretrial agreement by three months; that Lieutenant Colonel Stevens afterward learned that the respondent had expressed satisfaction with the sentence because Lieutenant Colonel Stevens' sentence had exceeded the pretrial agreement; that the next day Lieutenant Colonel Stevens and the respondent spoke about the case; that the respondent stated that it was good the sentence was higher than the pretrial agreement; that the respondent further stated, "I think, at a minimum, that we should strive to be above the pretrial" or words to that effect; that another judge, named Major Anderson, was in the area at the time of the conversation and Lieutenant Colonel Stevens and he discussed the statement immediately after it was made. Lieutenant Colonel Stevens further states that the respondent never told him directly what to do in a given case or counseled him concerning any decision that Lieutenant Colonel Stevens had made. Appellate Exhibit XXII. Nonetheless, from the aforementioned discussion between Lieutenant Colonel Stevens and the respondent, the petitioner now asserts the respondent harbors an inappropriate sentencing philosophy, viz., the respondent will strive to award sentences that exceed sentence limitations agreed to in pretrial agreements, presumably to provide the convening authority a quantum of punishment to suspend over the head of the accused. Since pretrial agreement sentence limitations are ordinarily not known by the military judge before sentence is announced (R.C.M. 910(f)(3)), petitioner surmises the respondent is of the opinion that in a pretrial agreement case the military judge should award a greater sentence than what the judge otherwise thought appropriate. Thus, the petitioner suggests that because of the respondent's comments to Lieutenant Colonel Stevens in early 1990 after an unrelated case, he should today be disqualified from presiding at the petitioner's court-martial.

The respondent denied saying a judge should make an effort to exceed the pretrial agreement. He did, however, acknowledge that when Lieutenant Colonel Stevens reported to him that one of his sentences exceeded the pretrial agreement, the respondent stated that it would give the convening authority some options to provide clemency and that was always good to have happen. The respondent also explained that he meant that it would provide something for the convening authority to suspend over the head of the confinee who might otherwise be inclined to be a bother. Record at 351–52, 354, 389. The respondent also expressly disclaimed having consulted pretrial agreements in related cases to determine what sentence should be awarded. Record at 363. He did state that he had reviewed a pretrial agreement in a previous case because it contained unique provisions that were also included in the case then before him. Appellate Exhibit XXIII; record at 366. Neither of those cases concerns the petitioner's.

Petitioner represented at trial that he wished to call Lieutenant Colonel Stevens and Judge Anderson. Petitioner also represented that he attempted to interview Judge Anderson and that Judge Anderson declined to be interviewed on grounds of judicial privilege. Record at 387–90; Appellate Exhibit XXV. The respondent declined to order Lieutenant Colonel Stevens

or Judge Anderson to be called to testify on grounds of relevancy. Record at 390, 393–94. In denying the petitioner's challenge for cause against him, the respondent observed that the issue was whether or not the military judge should remain on the bench to try this individual, that the matters raised by the petitioner concerned a general assessment of the respondent's performance as a military judge, that these matters were not relevant as to the respondent's qualification to sit in the petitioner's case, and that the respondent had no bias or prejudice toward the petitioner. Record at 393–94, 401.

The record contains Appellate Exhibits, the aforementioned affidavit, and the transcript of the *voir dire.* They inform the Court of the matters in the possession of Lieutenant Colonel Stevens and the respondent. The petitioner states he yet desires to call Judge Anderson to corroborate the respondent's remarks to Lieutenant Colonel Stevens concerning the value of sentences that exceed pretrial agreement limitations. Petition at 5. In light of the absence of an affidavit or offer of proof respecting Judge Anderson, and being mindful of the potential existence of judicial privilege,[5] this Court ordered six interrogatories to be propounded to Judge Anderson. Judge Anderson has filed his sworn responses. They do not support petitioner's intimation that the respondent expressed an opinion or policy to the effect that he or his subordinate judges should award sentences which exceed the sentence limitations in pretrial agreement cases. Additionally, Judge Anderson disclaims knowledge that the respondent has communicated to him or to anyone else statements or a policy that military judges should award sentences that are in excess of that which the judges otherwise thought appropriate in order to provide the convening authority a quantum of punishment to suspend over the head of the accused or that judges should sentence the accused in reliance upon possible mitigating action by convening or higher authorities.

The respondent's philosophy, past or present, as to the relative benefits of sentences that exceed pretrial agreement limitations is not germane. For that matter the record does not suggest that there is a pretrial agreement in this case, nor does it reflect the petitioner's preference as to forum. What is relevant is whether the respondent presently has an inelastic predisposition as to forms of punishment in this case or intends to award a sentence in this case in reliance upon possible mitigating action by the convening or higher authority. *See United States v. Small,* 21 M.J. 218 (C.M.A.1986); *United States v. Heriot,* 21 M.J. 11 (C.M.A.1985); *United States v. Stiner,* 30 M.J. 860, 862–63 (N.M.C.M.R. 1990); R.C.M. 1002, 1005(e)(3); *Thompson;* Annot., 29 A.L.R.Fed. 588 (1976). We note the petitioner did not make these inquiries directly of the respondent at trial but rather chooses to demonstrate the respondent's partiality inferentially and through surmise.

The conversation petitioner asserts as the foundation for his challenge was made a year and one-half ago. It was unrelated to the petitioner or to his case. Contrary to the petitioner's assertion, it is not supported by Major Anderson. The respondent's own explanation of his statements and intent and his lack of personal bias toward the petitioner are entitled to great weight. *Allen,* 31 M.J. at 604. The credible interpretation of the respondent's discussion with Lieutenant Colonel Stevens does not evince partiality, a bias toward the petitioner or any particular class, a pervasive or intense bias, a fixed view as to

5. The law recognizes a qualified judicial privilege. *See Court of Military Review v. Carlucci,* 26 M.J. 328 (C.M.A.1988); *Matter of Certain Complaints Under Investigation By An Investigating Committee of the Judicial Council of the Eleventh Circuit,* 783 F.2d 1488, 1517 (11th Cir.), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3273, 91 L.Ed.2d 563 (1986). Recognition of the judicial privilege is relatively recent. Thus far, the privilege extends to a court's deliberative processes and to communications relating to official business, such as the framing and researching of opinions, orders and rulings. *Id.* We need not decide whether the privilege extends to general academic discussions between trial judges or whether it applies in this case. Nor do we intimate that all communications concerning judicial business between one judge and another are always beyond discovery. *See United States v. Allen,* 33 M.J. 209 (C.M.A.1991); *United States v. Mabe,* 33 M.J. 200 (C.M.A.1991); *Clarke v. Breckenridge,* No. 893618C (N.M.C.M.R. 10 January 1991).

sentence, or an intent to award a punishment in excess of that the respondent otherwise deems appropriate. We may not engage in surmise to conjure up a possible basis for disqualification. We require a reasonable basis in fact. Applying an objective standard, we find nothing in the matters presented to us to question the impartiality of the respondent. Nor do we have reason to believe that he would award the petitioner a punishment in excess of that which is appropriate, that he would sentence the petitioner in reliance upon possible mitigating action by the convening or higher authorities, or that he harbors an inelastic predisposition to forms of punishment or fixed views inconsistent with his duty to tailor the punishment to the offense and the offender. We find the respondent did not abuse his discretion in not calling Lieutenant Colonel Stevens inasmuch as petitioner has failed to demonstrate that Lieutenant Stevens had anything to add beyond the matters already before the court. In light of Judge Anderson's responses to this Court's interrogatories, we also find that Judge Anderson, if called as a witness, would not have supported the petitioner's assertions. Finally, we find the respondent did not abuse his discretion in declining to disqualify himself.

In summary, the petitioner has not sustained his burden in establishing a reasonable factual basis for disqualification, nor has he shown that his right to mandamus is clear and undisputable. Accordingly, the petition for extraordinary relief in the nature of mandamus is denied, and the stay, granted by this Court on 29 November 1991, is dissolved.

Senior Judge FREYER and Judge HOLDER concur.