# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, M.C. HOLIFIELD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### SAMUEL PACHECO, JR
### SERGEANT (E-5), U.S. MARINE CORPS

### NMCCA 201200366
### SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 26 April 2012.
**Military Judge**: LtCol Robert G. Palmer, USMC.
**Convening Authority**: Commander, 4th Marine Logistics Group, Marine Forces Reserve, New Orleans, LA.
**Staff Judge Advocate's Recommendation**: Col E.R. Kleis, USMC.
**For Appellant**: LT Carrie E. Theis, JAGC, USN.
**For Appellee**: LT Ann E. Dingle, JAGC, USN.

**30 October 2014**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of larceny of military property of a value greater than $500.00, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. The military judge sentenced the appellant to confinement for six months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence, and, except for the

punitive discharge, ordered the sentence executed. The pretrial agreement had no effect on the adjudged sentence.

This case is before us on remand by the Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the facts and procedural background. In his original appeal, the appellant asserted two assignments of error: first, that certain comments attributed to the military judge during a training evolution reflect an arbitrary and inflexible attitude about what constitutes an appropriate sentence, and call into doubt the fairness and impartiality of the appellant's court-martial; and second, that a bad-conduct discharge is inappropriately severe given the facts of the appellant's case. In our initial decision, *United States v. Pacheco,* No. 201200366, 2012 CCA LEXIS 702, unpublished op. (N.M.Ct.Crim.App. 30 Nov 2012) (*per curiam*), we affirmed the findings and the sentence as approved by the CA.

The appellant's subsequent appeal resulted in the CAAF setting aside our earlier opinion. *United States v. Pacheco*, 73 M.J. 54 (C.A.A.F. 2013) (summary disposition). The CAAF returned the case to the Judge Advocate General of the Navy for remand to this court for further consideration after the conclusion of our review in the case of *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014), which is now completed. The appellant has essentially reframed the judge's inflexible attitude assignment of error from his original pleading, now claiming that he was deprived of his constitutional right to an impartial judge.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.[1] Arts. 59(a) and 66(c), UCMJ.

---

[1] With respect to the appellant's other original assignment of error, that his sentence was inappropriately severe, upon *de novo* review we find that the approved sentence is appropriate for this offender and his offenses. *See United States* v. *Snelling*, 14 M.J. 267, 268 (C.M.A. 1982); *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988) *United States v. Baier*, 60 M.J. 382 (C.A.A.F. 2005).

## Background

The appellant's claimed error focuses on post-trial comments made by the military judge. Approximately eight weeks after he sentenced the appellant, the military judge presented a Professional Military Education (PME) lecture to five Marine Corps student judge advocates on temporary active duty during the summer break from law school. This training regarded the practice of military justice in general, and the role of a trial counsel in particular. In discussing trial strategy, the military judge encouraged the junior officers to charge and prosecute cases aggressively, referred to "crushing" the appellant, stated that Congress and the Commandant of the Marine Corps wanted more convictions, and opined that trial counsel should assume the defendant is guilty. Two of the officers who attended the PME provided written statements regarding the military judge's comments, which now form the basis for the appellant's assigned error. A fair reading of one statement is that the law student found the military judge's comments "odd" and "somewhat bothersome," but also believed some of the comments were made in jest.

These comments by the military judge were the subject of a hearing ordered by our superior court in *Kish* pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967). *See United States v. Kish*, 2013 CAAF LEXIS 280 (C.A.A.F. Mar. 14, 2013). Based on the context of these statements, we concluded in *Kish* that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." 2014 CCA LEXIS 358 at *38. This court further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *Kish*, 2014 CCA LEXIS 358 at *38. We adopt our findings and conclusions from *Kish* for purposes of our review of the present case.

Additional facts that concern the procedural posture of this case or are necessary to resolve the assignment of error are incorporated below.

3

## Discussion

We review whether a military judge's post-trial actions demonstrate actual or apparent bias *de novo*.[2]  "'An accused has a constitutional right to an impartial judge.'"  *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)) (additional citation omitted).  A military judge's impartiality is crucial to the conduct of a legal and fair court-martial.  *United States v. Quintanilla*, 56 M.J. 37, 43 (C.A.A.F. 2001).

"There is a strong presumption that a judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings."  *Id.* at 44 (citation omitted).  "The moving party has the burden of establishing a reasonable factual basis for disqualification.  More than mere surmise or conjecture is required."  *Wilson v. Ouellette*, 34 M.J. 798, 799 (N.M.C.M.R. 1991) (citing *United States v. Allen*, 31 M.J. 572, 605 (N.M.C.M.R. 1990), *aff'd*, 33 M.J. 209 (C.M.A. 1991)).

There are two grounds for disqualification of a military judge, actual bias and apparent bias.  R.C.M. 902; *Quintanilla*, 56 M.J. at 45.  While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned."

With respect to the appearance of bias, the test we apply is "whether taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions."  *Martinez*, 70 M.J. at 158 (citation and internal quotation marks omitted).  This test may be met when there is "any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might be reasonably questioned."  *Id*. At 158-59 (citing *United States v. Kinchloe*, 14 M.J. 49, 50 (C.M.A. 1982)).  "The appearance standard is designed to enhance

---

[2] The CAAF has applied this standard when resolving questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the qualification of a staff judge advocate to make the post-trial recommendation).

4

public confidence in the integrity of the judicial system." *Quintanilla,* 56 M.J. at 45 (citing *Liljeberg v. Health Service Acquisition Corp.,* 486 U.S. 847, 860 (1988)). The appellant alleges both actual and apparent bias.

As we concluded in *Kish* that the military judge's PME statements do not support a determination of actual bias against accused service members, 2014 CCA LEXIS 358 at *38, and finding nothing in the appellant's record of trial to suggest that the military judge had a personal bias or prejudice concerning him or his case, we limit our review here to whether there was apparent bias.

The appellant makes two arguments in support of a finding of apparent bias. First, the appellant argues that the military judge's PME statements, made 63 days after he sentenced the appellant, were close enough in time to create an appearance of bias on the part of the military judge.[3] We disagree.

The events were not close enough in time to lead a reasonable person to question the military judge's impartiality absent some nexus, which does not exist here. The PME comments were largely limited to cases of sexual assault, child pornography, and child abuse, whereas the appellant pleaded guilty to larceny. Second, the appellant cites to his adjudged sentence of six months' confinement, reduction to pay grade E-1, and a punitive discharge as evidence of bias, saying it aligns with the military judge's advice to "'crush' an accused no matter the facts." Appellant's Brief of 3 Jul 2014 at 20. Again, we disagree. Far from "crushing" the appellant, the adjudged sentence was within the range of reasonable and expected sentences for a Marine NCO who abused his position of trust within a Government warehouse to steal over $9000.00 worth of military equipment over a six month period. In fact, the adjudged sentence was less than the nine months' confinement limitation that the appellant negotiated with the CA.

Accordingly, we are satisfied that a reasonable person knowing all the circumstances of the lecture, as well as the manner in which the military judge conducted the proceedings in this case, would not question the integrity of the judicial system.[4]

---

[3] The appellant argued that this indicated an actual bias. However, for the reasons stated *infra*, we limit our examination to whether this temporal relationship supports a finding of apparent bias.

[4] In our original opinion in this case, we assumed evidence of apparent bias and looked for and found no prejudice under *Liljeberg.* Now, having the

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

benefit of the *DuBay* hearing in *Kish*, we do not believe a reasonable man knowing all the circumstances would reasonably question the military judge's impartiality in this case.