# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, K.M. MCDONALD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### CHAD J. BATCHELDER
### STAFF SERGEANT (E-6), U.S. MARINE CORPS

### NMCCA 201200180
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 16 December 2011.
**Military Judge**: LtCol Robert Palmer, USMC.
**Convening Authority**: Commanding General, Marine Corps Air Station, Beaufort, SC.
**Staff Judge Advocate's Recommendation**: LtCol V.C. Danyluk, USMC.
**For Appellant**: LT Jessica Fickey, JAGC, USN.
**For Appellee**: Maj Suzanne Dempsey, USMC; LT Ian MacLain, JAGC, USN.

**13 November 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of disobeying a lawful order,[1] one specification of

---
[1] A Military Protective Order.

violating a lawful general regulation,[2] one specification of making a false official statement, one specification of aggravated assault, one specification of child endangerment, one specification of adultery, and one novel specification of disobeying a State restraining order, in violation of Articles 92, 107, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 928, and 934. The military judge sentenced the appellant to confinement for 18 months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. In accordance with a pretrial agreement, automatic forfeitures were deferred and waived for the benefit of the appellant's dependents.

This case is before us upon remand by the Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the case's procedural posture. In his original appeal, the appellant alleged that the military judge failed to elicit sufficient facts from the appellant, as required by *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969), to support his guilty plea to violating a lawful general regulation prohibiting fraternization. The appellant also raised a supplemental assignment of error in which he claimed that comments by the military judge to a group of Marine Corps officers attending law school six months after his plea in this case warranted sentencing relief. In our initial decision, *United States v. Batchelder,* No. 201200180, 2013 CCA LEXIS 116, unpublished op. (N.M.Ct.Crim.App. 10 Jan 2013) (*per curiam*), we affirmed the findings and sentence as approved by the CA.[3]

The appellant's subsequent appeal resulted in the CAAF setting aside our earlier opinion. U*nited States v. Batchelder,* 73 M.J. 54 (C.A.A.F. 2013) (summary disposition). The CAAF returned the case to the Judge Advocate General of the Navy for remand to this court for further consideration after the conclusion of our review in the case of *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014), which is now completed. The appellant has essentially reframed his original supplemental assignment of error, now claiming that he was deprived of his constitutional right to an impartial judge.

---

[2] U.S. Navy Regulations, Art. 1165 (1990) prohibiting fraternization.

[3] We adopt our analysis from our earlier opinion and conclude again that no substantial basis in law or fact exists to question the appellant's guilty plea.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant's claimed error focuses on post-trial comments made by the military judge.  Approximately six months after he sentenced the appellant, the military judge presented a Professional Military Education (PME) lecture to five Marine student judge advocates on temporary active duty during summer break from law school.  This training regarded the practice of military justice in general, and the role of a trial counsel in particular.  In discussing trial strategy, the military judge encouraged the junior officers to charge and prosecute cases aggressively, referred to "crushing" the accused, stated that Congress and the Commandant of the Marine Corps wanted more convictions, and opined that trial counsel should assume the defendant is guilty.  Two of the officers who attended the PME provided written statements regarding the military judge's comments, which now form the basis for the appellant's assigned error.  A fair reading of one statement is that the law student found the military judge's comments "odd" and "somewhat bothersome," but also believed some of the comments were made in jest.

These comments by the military judge were the subject of a hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967) as directed by our superior court.  Based on the context of these statements, this court concluded in *Kish* that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." *Kish,* 2014 CCA LEXIS 358 at *38.  We further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  *Id.*  We adopt our previous findings and conclusions from *Kish* for purposes of our review here.

Additional facts that concern the procedural posture of this case or are necessary to discuss the assignments of error are incorporated below.

3

## Discussion

"'An accused has a constitutional right to an impartial judge.'" *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)) (additional citation omitted). A military judge's impartiality is crucial to the conduct of a legal and fair court-martial. *United States v. Quintanilla*, 56 M.J. 37, 43 (C.A.A.F. 2001). We review whether a military judge's post-trial actions demonstrate actual or apparent bias *de novo*.[4]

"There is a strong presumption that a judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings." *Id.* at 44 (citation omitted). "The moving party has the burden of establishing a reasonable factual basis for disqualification. More than mere surmise or conjecture is required." *Wilson v. Ouellette*, 34 M.J. 798, 799 (N.M.C.M.R. 1991) (citing *United States v. Allen*, 31 M.J. 572, 605 (N.M.C.M.R. 1990), *aff'd*, 33 M.J. 209 (C.M.A. 1991)).

There are two grounds for disqualification of a military judge, actual bias and apparent bias. R.C.M. 902; *Quintanilla*, 56 M.J. at 45. While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned."

With respect to the appearance of bias, the test we apply is "whether taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez*, 70 M.J. at 158 (citation and internal quotation marks omitted). This test may be met when there is "any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might be reasonably questioned." *Id*. At 158-59 (citing *United States v. Kinchloe*, 14 M.J. 49, 50 (C.M.A. 1982)). "The appearance standard is designed to enhance

---

[4] The CAAF has applied this standard when resolving questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the qualification of a staff judge advocate to make the post-trial recommendation).

public confidence in the integrity of the judicial system." *Quintanilla*, 56 M.J. at 45 (citing *Liljeberg v. Health Service Acquisition Corp.*, 486 U.S. 847, 860 (1988)).  The appellant alleges both actual and apparent bias.  Appellant's Supplemental Brief of 31 Jul 2014 at 12-22.

We similarly conclude here, as we did in *Kish*, that the military judge's PME statements do not support a determination of actual bias against accused services members, *Kish* 2014 CCA LEXIS 358 at *38, as we find nothing in the appellant's record of trial to suggest that the military judge had a personal bias or prejudice concerning him or his case.  We therefore limit our review here to whether there was apparent bias concerning the appellant's case.

The appellant argues that the proximity in time between his trial and the military judge's PME lecture and the severity of his sentence show an appearance of judicial bias.  Appellant's Supplemental Brief at 21.  We disagree.

The appellant's court-martial occurred approximately six months prior to the PME.  This period of time, standing alone, is insufficient to support a finding of apparent bias absent some further nexus between this case and the PME, which is absent here.  Additionally, we find the adjudged sentence was within the range of reasonable and expected sentences for the appellant's offenses.  It was far less than the nearly 13 years the appellant would have faced without a pretrial agreement and significantly less than the five year sentence argued for by the trial counsel and the two-year cap on confinement in the appellant's pretrial agreement.

Moreover, unlike in *Kish*, the military judge did nothing at trial to bring his impartiality into question.  He asked witnesses only a few questions and granted the trial defense counsel's request to reopen her case in sentencing after she mistakenly rested without presenting the appellant's unsworn statement.  Thus, in this case, unlike in *Kish* the effect of the PME comments is not compounded with anything at trial to reach the level of undermining public confidence in the judicial system's integrity.  Accordingly, we are satisfied that any reasonable person knowing all the circumstances of the lecture, as well as the manner in which the military judge conducted the

proceedings in this case, would not question the integrity of the judicial system.[5]

## Conclusion

The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[5] In our original opinion in this case, we assumed evidence of apparent bias and looked for and found no prejudice under *Liljeberg*.  Now, having the benefit of the *DuBay* hearing in *Kish*, we do not believe a reasonable man knowing all the circumstances would question the military judge's impartiality in this case.