# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, M.C. HOLIFIELD**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## MICHAEL A. ARNOLD
## LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201200382
### SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 23 May 2012.
**Military Judge**: LtCol Robert G. Palmer, USMC.
**Convening Authority**: Commanding Officer, MAG-31, 2d MAW, U.S. Marine Corps Forces Command, Marine Corps Air Station, Beaufort, S.C.
**Staff Judge Advocate's Recommendation**: Maj H.J. Brezillac, USMC.
**For Appellant**: LT Carrie E. Theis, JAGC, USN.
**For Appellee**: LT James M. Belforti, JAGC, USN; LT Ann Dingle, JAGC, USN.

### 23 December 2014

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of larceny, providing false information to law enforcement, driving with a suspended driver's license, stealing a license plate, counterfeiting currency, and wrongfully altering a base pass, in violation of Articles 121 and 134, Uniform Code of Military

Justice, 10 U.S.C. §§ 921 and 934. The military judge sentenced the appellant to confinement for 12 months, forfeiture of $950.00 pay per month for 12 months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, suspending all confinement in excess of 30 days pursuant to a pretrial agreement.

This case is before us on remand by the United States Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the case's procedural history. In his original appeal, the appellant assigned one error: that the military judge was disqualified because of his inflexible attitude about sentencing and by allowing his perceptions of what the Commandant of the Marine Corps and the Congress expects from the Marine Corps to enter into his deliberations. In our initial decision, *United States v. Arnold*, No. 201200382, 2013 CCA LEXIS 32, unpublished op. (N.M.Ct.Crim.App. 22 Jan 2013) (*per curiam*), we affirmed the finding and the sentence as approved by the CA.

The appellant's subsequent appeal resulted in the CAAF setting aside our opinion and returning the case to the Judge Advocate General of the Navy for remand to this court for further consideration in light of our decision in *United States v. Kish*, No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014). The appellant has essentially reframed his original assignment of error, claiming that he was deprived of his constitutional right to an impartial judge. An additional assignment of error claims that the staff judge advocate's failure to comment on defense counsel's allegation of error entitles the appellant to new post-trial processing.

After carefully considering the record of trial and the submissions of the parties, we conclude the facts of this case, viewed together with post-trial comments and actions of the military judge, give rise to an appearance of bias. We address the remedy in our decretal paragraph and that corrective action moots the second assignment of error.

## Background

The appellant's first claimed error focuses on post-trial comments made by the military judge. Approximately four weeks after he sentenced the appellant, the military judge presented a Professional Military Education (PME) lecture to five Marine law school students on active duty for the summer. This training regarded the practice of military justice in general, and the role of a trial counsel in particular. In discussing trial strategy, the military judge encouraged the junior officers to

charge and prosecute cases aggressively, stated that Congress and the Commandant of the Marine Corps wanted more convictions, and opined that trial counsel should assume the defendant is guilty. He also stated that, "once convicted, we need to crush these Marines." Two of the officers who attended the PME provided written statements regarding the military judge's comments, which now form the basis for the appellant's assigned error.

These comments by the military judge were the subject of a hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967). Based on the context of these statements, this court concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." Appendix to *Kish,* 2014 CCA LEXIS 358 at 38. This court further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *Id.* The findings and the conclusions from the *DuBay* Ruling remain those of this court. (*DuBay* Hearing Findings of Fact and Conclusions of Law of 15 July 2013) (hereinafter *DuBay* Ruling).

Additional facts that concern the procedural posture of this case or are necessary to resolve the assignment of error are incorporated below.

## Discussion

We review whether a military judge's post-trial actions demonstrate actual or apparent bias *de novo*.[1] "'An accused has a constitutional right to an impartial judge.'" *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)). A military judge's impartiality is crucial to the conduct of a legal and fair court-martial. *United States v. Quintanilla*, 56 M.J. 37, 43 (C.A.A.F. 2001).

---

[1] The CAAF has applied this standard when resolving questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the qualification of a staff judge advocate to make the post-trial recommendation).

3

"There is a strong presumption that a judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings."  *Id.* at 44. "The moving party has the burden of establishing a reasonable factual basis for disqualification.  More than mere surmise or conjecture is required."  *Wilson v. Ouellette*, 34 M.J. 798, 799 (N.M.C.M.R. 1991) (citing *United States v. Allen*, 31 M.J. 572, 601 (N.M.C.M.R. 1990), *aff'd,* 33 M.J. 209 (C.M.A. 1991)).

There are two grounds for disqualification of a military judge, actual bias and apparent bias.  RULE FOR COURTS-MARTIAL 902, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.); *Quintanilla*, 56 M.J. at 45.  While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned."

The appellant alleges both actual and apparent bias.  As this court has already held that the military judge's PME statements do not support a determination of actual bias against service member defendants,[2] and there is nothing in the appellant's record of trial to suggest that the military judge had a personal bias or prejudice concerning him or his case, we limit our review here to whether there was apparent bias concerning the appellant's case.

With respect to the appearance of bias, the test we apply is "whether taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions."  *Martinez*, 70 M.J. at 157 (citation and internal quotation marks omitted).  This test may be met when there is "[a]ny conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might be reasonably questioned." *Id*. at 158-59 (citing *United States v. Kinchloe*, 14 M.J. 40, 50 (C.M.A. 1982)).  "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla,* 56 M.J. at 45 (citing *Liljeberg v. Health Service Acquisition Corp.,* 486 U.S. 847, 860 (1988)).

The appellant makes two arguments in support of a finding of apparent bias.  First, the appellant argues that the military judge's PME statements, made less than a month after he sentenced the appellant, were close enough in time to create an

---

[2] *DuBay* Ruling at 38.

appearance of bias on the part of the military judge.  Second, the appellant argues that the military judge's imposition of the maximum available sentence, despite the trial counsel's recommendation of a significantly less severe one, constitutes apparent bias.  We agree.

During the PME lecture, the military judge advised the participants: "Don't hold back.  Once convicted, we need to crush these Marines and get them out."  *DuBay* Ruling at 26. While this comment, in and of itself, is not enough to reasonably suggest an inflexible attitude towards sentencing in a proceeding that occurred a month earlier, it becomes significantly more problematic when considered with the other facts of the case.  Here, despite the Government's request for "reduction to E-1, 90 days confinement, and a bad-conduct discharge," the military judge awarded the maximum sentence allowed by law at a special court-martial: reduction to E-1, 12 months of confinement, forfeiture of $950.00 pay per month for 12 months, and a bad-conduct discharge.  Record at 89, 93. Moreover, the adjudged sentence appears all the more harsh in light of the CA's willingness, as part of a pretrial agreement, to suspend all confinement in excess of 30 days.  Given these facts, we find that an informed member of the public might reasonably question the military judge's impartiality and the integrity of our judicial system.  *Martinez*, 70 M.J. at 158-59. Accordingly, we find apparent bias.

## Remedy

Where apparent bias exists, the CAAF has adopted a three-part test for determining whether a reversal of a conviction is necessary to vindicate the public's confidence in the military justice system: (1) the risk of injustice to the parties; (2) the risk of injustice in other cases; and, (3) the risk of undermining the public's confidence in the judicial process. *Quintanilla,* 56 M.J. at 80-81 (citing *Liljeberg*, 486 U.S. 864). In this case, we find that risk of undermining the public's confidence in the judicial process sufficient to warrant relief.

## Conclusion

The findings are affirmed and the sentence is set aside. The record of trial is returned to the judge Advocate General for remand to an appropriate CA with a rehearing on sentence authorized.  Thereafter the record will be returned to the Court for completion of appellate review.  Art. 60, UCMJ; *Boudreaux v.*

*U.S. Navy-Marine Corps Court of Military Review*, 28 M.J. 181
(C.M.A. 1989).

                              For the Court



                              R.H. TROIDL
                              Clerk of Court