UNITED STATES, Appellee

v.

Dustin A. STEFAN, Private
U.S. Army, Appellant

No. 10-0349

Crim. App. No. 20081097

United States Court of Appeals for the Armed Forces

Argued November 9, 2010

Decided December 29, 2010

STUCKY, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.

Counsel

For Appellant: Captain Jess B. Roberts (argued); Colonel Mark Tellitocci, Lieutenant Colonel Jonathan F. Potter, and Major Laura R. Kesler (on brief); Lieutenant Colonel Matthew M. Miller, Major Grace M. Gallagher, and Major Timothy W. Thomas.

For Appellee: Captain Benjamin M. Owens-Filice (argued); Major Christopher B. Burgess and Major LaJohnne A. White (on brief); Lieutenant Colonel Martha L. Foss.

Military Judge: Gary J. Brockington

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Stefan, No. 10-0349/AR

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the chief of
military justice was disqualified from preparing the addendum to
the staff judge advocate's recommendation (SJAR) because, before
trial, she had caused the charges to be served on the accused.
We hold that she was disqualified under Article 6(c), Uniform
Code of Military Justice (UCMJ), 10 U.S.C. § 806(c) (2006), and
Rule for Courts-Martial (R.C.M.) 1106(b), but Appellant was not
prejudiced.[1]

I.

A.

On August 20, 2008, Appellant damaged a door and some
ceiling tiles, among other things, to obtain keys to the
barracks rooms from the First Sergeant's office.  With the keys,
Appellant entered seven rooms and stole numerous personal items
from fellow soldiers, including iPods, game systems, DVD
players, laptop computers, and other property.  While being
questioned by military police about the thefts, Appellant was
ordered to stand fast, but he disobeyed that order and left.
This was not the first time Appellant had been in trouble with

---

[1] The Government has submitted a motion for this Court to
consider an affidavit from the disqualified staff judge
advocate.  "The Court will normally not consider any facts
outside of the record established at the trial and the Court of
Criminal Appeals," unless good cause is shown.  C.A.A.F. R.

military authorities. Before the barracks larceny, Appellant had possessed marijuana once and missed morning formations twice -- once to be with a woman in his room, contrary to orders.

Based on the above conduct, Appellant pled guilty at a general court-martial to failure to go to his appointed place of duty (two specifications), disobeying a noncommissioned officer (NCO), failure to obey an order, damaging military property, possessing marijuana, larceny (seven specifications), and burglary, in violation of Articles 86, 91, 92, 108, 112a, 121, 129, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, 892, 908, 912a, 921, 929 (2006). The military judge accepted Appellant's pleas and sentenced him to a dishonorable discharge, confinement for twenty-two months, and forfeiture of all pay and allowances.

B.

After trial, Major Van Eck drafted and signed the SJAR as the acting SJA. He recommended that the convening authority approve Appellant's sentence without clemency. Without comment on the SJAR, Appellant provided post-trial matters pursuant to R.C.M. 1105 and R.C.M. 1106. In his clemency submission, Appellant's only request was to reduce his dishonorable discharge to a bad-conduct discharge.

---

30A(a). Good cause has not been shown; therefore, the motion is denied.

Following this submission, Major Wright, the chief of military justice, acting as the SJA, signed the addendum to the SJAR, in which she stated that "clemency [was] not warranted." On June 2, 2009, the convening authority reduced the time of confinement to eighteen months in accordance with the pretrial agreement, but otherwise approved the adjudged sentence. Appellant submitted the case on its merits to the United States Army Court of Criminal Appeals (CCA), which affirmed in a summary disposition. United States v. Stefan, No. 20081097, 2010 CCA LEXIS 12, at *1 (A. Ct. Crim. App. Jan. 29, 2010) (unpublished).

Judge Ham dissented, arguing that Article 6(c) disqualified Major Wright from preparing the addendum to the SJAR because of her position as chief of military justice and because she had acted as trial counsel in Appellant's case. Id. at *10-*11. Judge Ham reached this conclusion because, inter alia, Major Wright had signed the original and additional charge sheets, indicating that she had caused the charges to be served on Appellant as trial counsel. Id. at *18.

II.

A.

Article 6(c) provides that "[n]o person who has acted as member, military judge, trial counsel, assistant trial counsel, defense counsel, assistant defense counsel, or investigating

4

officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case." R.C.M. 1106(b) echoes this sentiment in similar language. Whether Article 6(c) and R.C.M. 1106(b) disqualify an individual from acting as the SJA is a question of law, which we review de novo. See United States v. Taylor, 60 M.J. 190, 194 (C.A.A.F. 2004).

The plain text of Article 6(c) states that an individual who acted as trial counsel is disqualified from acting as the SJA. We reject the Government's argument "that only those persons that were detailed as trial counsel in accordance with Article 27, UCMJ[, 10 U.S.C. § 827 (2006),] are disqualified" under Article 6(c). The text does not support such a narrow reading of the statute, as disqualification does not require that a person be detailed as trial counsel, only that the person act as such.

Therefore, a person will be disqualified from acting as the SJA if that person performed the duties of a disqualifying position. See United States v. Mallicote, 13 C.M.A. 374, 376, 32 C.M.R. 374, 376 (1962) ("although the staff judge advocate or his assistant are not, by reason of their office and ordinary pretrial activities, barred by Article 6(c) from subsequently advising the reviewing authority, the implication and reason why he must be when he acts -- directly or indirectly -- as trial

counsel, are clear"). As for when a person has performed the duties of a disqualifying position, some relevant considerations include the action taken, the position of the person that would normally take that action, and the capacity in which the action is claimed to have been taken.

### B.

In this case, Major Wright performed some duties of -- and thus acted as -- trial counsel. She not only caused the charges to be served on Appellant, a task traditionally reserved for detailed trial counsel, see R.C.M. 602 ("The trial counsel detailed to the court-martial . . . shall cause to be served upon each accused a copy of the charge sheet."), but she also acknowledged performing that act as trial counsel in block 15 of the two charge sheets. As such, she was disqualified by Article 6(c) from acting as the SJA in Appellant's case.

### III.

### A.

Although we find error, we do not find that Appellant was prejudiced. We have not held that "recommendations prepared by a disqualified officer [are] void." United States v. Edwards, 45 M.J. 114, 115 (C.A.A.F. 1996). Rather, we test for prejudice under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2006), which requires material prejudice to the substantial rights of the accused. Appellant asks that we presume prejudice when Article

6(c) is violated, but we find that these kinds of errors are amenable to being tested for prejudice. To find reversible error, an appellant must, inter alia, "make[] 'some colorable showing of possible prejudice.'" Taylor, 60 M.J. at 195 (quoting United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998)).

## B.

At the outset, we note that Appellant did not even raise this issue on appeal to the CCA; the case was submitted to that court on its merits. Instead, Judge Ham raised it sua sponte. Stefan, 2010 CCA LEXIS 12, at *1. Regardless of whether Appellant raised the issue below, other facts substantiate that Appellant has not made a colorable showing of prejudice.

Candidly, Major Wright's involvement in Appellant's case was minimal. While minimal conduct can contravene Article 6(c), it is obvious that when the conduct is relatively minimal, the likelihood of actual prejudice is substantially diminished. In this case, Major Wright's actions simply did not rise to the level that traditionally has been found to cause prejudice. See, e.g., United States v. Johnson-Saunders, 48 M.J. 74, 74-75 (C.A.A.F. 1998) (finding prejudice when the acting SJA had been detailed as the assistant trial counsel, had actively prosecuted the case, and had requested a harsher sentence than adjudged); United States v. Coulter, 3 C.M.A. 657, 658-59, 14 C.M.R. 75,

7

76-77 (1954) (finding prejudice when the acting SJA had been detailed as trial counsel, actively prosecuted the case, and called the accused a "worthless individual" in a report to the convening authority).

In this case, nothing indicates that Major Wright actively prosecuted the case or took a firm stance on sentencing. Her addendum to the SJAR merely echoed Major Van Eck's succinct recommendation of no clemency without further elaboration of Appellant's case. See United States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F. 1997) (noting, inter alia, that a recommendation, which was "plain-vanilla in substance," did not prejudice the appellant). Considering the circumstances of this case, including the host of offenses committed by Appellant and the seriousness of some of his crimes,[2] there is nothing that would suggest that another SJA would have made a different recommendation on Appellant's clemency request. We conclude that Appellant was not prejudiced.

---

[2] One should not underestimate the seriousness of barracks larceny. From basic training onwards, servicemembers are taught to trust their fellow servicemembers with their life, and barracks theft substantially damages that trust. See United States v. Usry, 9 M.J. 701, 703 (N.C.M.R. 1980); accord United States v. Hampton, 40 M.J. 457, 460 (C.M.A. 1994).

IV.

The judgment of the United States Army Court of Criminal Appeals is affirmed.