No. 13–0213/MC. U.S. v. Daniel W. Sanders. CCA 201300202. On further consideration of the granted issue, 72 M.J. 159 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0241/MC. U.S. v. Richard T. Pearce. CCA 201100110. On further consideration of the granted issues, 72 M.J. 154 (C.A.A.F. 2013), and 72 M.J. 159 (C.A.A.F. 2013), in light of *United States v. Castellano*, 72 M.J. 217 (C.A.A.F. 2013), and *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0268/MC. U.S. v. Samuel Pacheco, Jr. CCA 201200366. On further consideration of the granted issue, 72 M.J. 164 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0269/MC. U.S. v. Joshua W. Tiger. CCA 201300284. On further consideration of the granted issue, 72 M.J. 167 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0332/MC. U.S. v. Chad J. Batchelder. CCA 201200180. On further consideration of the granted issue, 72 M.J. 261 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0352/MC. U.S. v. Michael A. Arnold. CCA 201200382. On further consideration of the granted issue, 72 M.J. 261 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the cases are returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0408/MC. U.S. v. Don W. Bailey. CCA 201200370. On further consideration of the granted issue, 72 M.J. 458 (C.A.A.F. August 5, 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the cases are returned to the Judge Advocate General of the Navy for remand to

the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0444/MC. U.S. v. Steven W. Myrick. CCA 201200404. On further consideration of the granted issue, 72 M.J. 384 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–0445/MC. U.S. v. Erik J. Ellis. CCA 201200406. On further consideration of the granted issue, 72 M.J. 386 (C.A.A.F. 2013), and in light of *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013), it is ordered that the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside, and the case is returned to the Judge Advocate General of the Navy for remand to the Court of Criminal Appeals for further consideration after the conclusion of its review in *Kish*.

No. 13–5008/AF. U.S. v. Alejandro V. Arriaga. CCA 37439. On consideration of the issues certified by the Judge Advocate General of the Air Force, 72 M.J. 410 (C.A.A.F. 2013), and Appellee's motion to strike, we conclude that the United States Air Force Court of Criminal Appeals did not err in finding that Appellee was materially prejudiced by the government's failure to allege the terminal element for Specification 2 of Charge III alleging indecent assault in violation of Article 134, UCMJ. *See United States v. Goings*, 72 M.J. 202 (C.A.A.F. 2013) and *United States v. Gaskins*, 72 M.J. 225 (C.A.A.F. 2013). Accordingly, it is ordered that the first certified issue is answered in the affirmative and the second and third certified issues are answered in the negative, that the motion to strike is denied as moot, and the decision of the United States Air Force Court of Criminal Appeals is hereby affirmed.

\* Baker, Chief Judge (dissenting):

I dissent based on my dissenting opinions in *United States v. Fosler*, 70 M.J. 225, 240 (C.A.A.F. 2011) (Baker, J., dissenting), and *United States v. Humphries*, 71 M.J. 209, 217 (C.A.A.F. 2012) (Baker, C.J., dissenting).

No. 13–5009/AF. U.S. v. Alan J. Lindgren. CCA 37928. On consideration of the issues certified by the Judge Advocate General of the Air Force, __ M.J. __ (C.A.A.F. July 3, 2013), we conclude that the United States Air Force Court of Criminal Appeals did not err in finding that Appellee was materially prejudiced by the government's failure to allege the terminal element for Specifications 1 and 2 of Charge III alleging negligent homicide in violation of Article 134, UCMJ. *See United States v. Goings*, 72 M.J. 202 (C.A.A.F. 2013) and *United States v. Gaskins*, 72 M.J. 225 (C.A.A.F. 2013). Accordingly, it is ordered that the first certified issue is answered in the affirmative and the second and third certified issues are answered in the negative, and the decision of the United States Air Force Court of Criminal Appeals is hereby affirmed.

\* Baker, Chief Judge (dissenting):

I dissent based on my dissenting opinions in *United States v. Fosler*, 70 M.J. 225, 240 (C.A.A.F. 2011) (Baker, J., dissenting), and *United States v. Humphries*, 71 M.J. 209, 217 (C.A.A.F. 2012) (Baker, C.J., dissenting).