# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**DON W. BAILEY, JR.**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201200370**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 20 April 2012.
**Military Judge**: LtCol Robert G. Palmer, USMC.
**Convening Authority**: Commanding Officer, 4th Marine Corps District, New Cumberland, PA.
**Staff Judge Advocate's Recommendation**: Col E.R. Kleis, USMC.
**For Appellant**: LT Carrie E. Theis, JAGC, USN.
**For Appellee**: LT Ann E. Dingle, JAGC, USN.

**16 September 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of two specifications of failure to obey a lawful general order, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The military judge sentenced the appellant to confinement for four months, reduction to pay grade E-1, and a

bad-conduct discharge. A pretrial agreement provided that all confinement in excess of thirty days would be suspended, but the convening authority (CA) vacated the suspension when the appellant violated a military protective order (MPO). As a result, the CA approved the sentence as adjudged and, except for the punitive discharge, ordered it executed.

This case is before us upon remand by the Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the case's procedural posture. In his original appeal, the appellant assigned two errors: first, that his civilian counsel was ineffective for failing to submit clemency matters to the CA, and second, that the CA wrongfully withdrew from the pretrial agreement due to violation of an MPO that lacked a valid military purpose.[1] In our initial decision, *United States v. Bailey,* No. 201200370, 2013 CCA LEXIS 76, unpublished op. (N.M.Ct.Crim.App. 7 Feb 2013) (*per curiam*), we affirmed the findings and sentence as approved by the CA. The appellant then filed a motion for leave to file a supplemental assignment of error, which we denied on 28 February 2013.

The appellant's subsequent appeal resulted in the CAAF setting aside our earlier opinion and returning the case to the Judge Advocate General of the Navy for remand to this court for further consideration after the consideration of our review in *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014), which is now completed. *United States v. Bailey,* 73 M.J. 54 (C.A.A.F. 2013) (summary disposition). The appellant now raises an additional assignment of error: that he was deprived of his constitutional right to an impartial judge.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

---

[1] The second assignment of error was raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

**Factual and Procedural Background**

The appellant was serving as a recruiter when he became intimately involved with a high school student (the student) who was a prospective recruit applicant. He sent her sexually explicit text messages, exchanged sexually explicit photographs, visited her family home after-hours, and had sexual intercourse with her. The student was 17 years old during the first instance of sexual intercourse, and turned 18 a few days before her relationship with the appellant was discovered.

On 29 April 2011, the appellant signed a DD Form 2873, the MPO, which forbade him from initiating any communication with the student for a period of three years. The MPO was issued by the appellant's commanding officer.

In May 2012, after being released from confinement, the appellant sent a Facebook message[2] to the student. The CA subsequently appointed an officer to inquire into whether by doing so the appellant violated the terms of the pretrial agreement. The appellant was represented by counsel at the hearing, who argued that the order lacked a valid military purpose because the appellant was no longer a recruiter and the student was no longer a minor or a prospective recruit applicant. The appointed officer concluded that the appellant violated the MPO and recommended that the CA withdraw from the pretrial agreement, which he did. The appellant requested that the CA order a post-trial Article 39(a), UCMJ, session and submitted a motion to the military judge who presided over his court-martial requesting a post-trial Article 39(a) session to address the legality of the MPO. Both the CA and military judge denied his request. The military judge also denied the appellant's motion to seal portions of the record regarding the student's sexual behavior.

On 21 June 2012, the military judge presented a Professional Military Education (PME) lecture to five Marine law school students on active duty for the summer. During this training, the military judge made several statements drawing

---

[2] The order specifically named Facebook messaging as a prohibited form of communication.

into question his impartiality.  These statements were the subject of a hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967).  During this court's review of the *Kish* case following the *DuBay* hearing, we made detailed Findings of Fact and Conclusions of Law which we adopt in considering the appellant's case.  *Kish,* 2014 CCA LEXIS 358 at *15-39 (hereinafter *DuBay* Ruling).  Based on the context of these statements, this court concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate."  *Id.* at *38.  This court further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  *Id.*

Additional facts that concern the procedural posture of this case or are necessary to discuss the assignments of error are incorporated below.

## Discussion

We review whether a military judge's post-trial actions demonstrate actual or apparent bias *de novo*.[3]  "'An accused has the right to an impartial judge.'"  *United States v. Martinez,* 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher,* 56 M.J. 87, 90 (C.A.A.F. 2001)).  There is a "strong presumption that a [military] judge is impartial."  *United States v. Quintanilla,* 56 M.J. 37, 44 (C.A.A.F. 2001).  While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned."  "The appearance standard is designed to enhance public confidence in the integrity of the judicial system."

---

[3] The CAAF has applied this standard when facing questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the qualification of a staff judge advocate to make the post-trial recommendation).

4

*Quintanilla,* 56 M.J. at 45 (citing *Liljeberg v. Health Service Acquisition Corp.,* 486 U.S. 847, 860 (1988)).

The appellant alleges both actual and apparent bias. As this court has already held that the military judge's PME statements do not support a determination of actual bias against service member defendants, *DuBay* Ruling at *38, we limit our review here to whether there was apparent bias concerning the appellant's case.

The test we apply is "whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez,* 70 M.J. at 157 (citation and internal quotation marks omitted). This test may be met when there is "'any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" *Id.* at 158-59 (quoting *United States v. Kincheloe,* 14 M.J. 40, 50 (C.M.A. 1982)).

The appellant quotes the military judge's PME statements, arguing that their close relationship in time to the appellant's court-martial indicates an actual bias on the part of the military judge.[4] Again, we limit our examination to whether this temporal relationship supports a finding of apparent bias. We find it does not. Absent any conduct during the court-martial that would lead a reasonable person to question whether the military judge's PME comments were in fact reflective of a personal bias, any closeness in time is meaningless.

The appellant has cited no examples at his court-martial where the military judge acted improperly or in any way demonstrated a lack of impartiality. A thorough reading of the record reveals none. To the contrary, the military judge was particularly careful to avoid hearing or seeing any inadmissible evidence offered by the Government.[5] Unlike in *Kish*, the military judge did nothing at trial to bring his impartiality

---

[4] The PME lecture occurred 72 days after the appellant's court-martial.

[5] Examples include directing the trial counsel to "shut . . . down" a telephonic witness when she launched into a narrative on objectionable matters, and questioning *sua sponte* the admissibility of several documents in Prosecution Exhibit 6. Record at 79 and 100-02.

into question.[6]  Thus, in this case, the effect of the PME comments is not compounded with anything at trial to reach the level of undermining public confidence in the judicial system's integrity.

The appellant does cite to the punitive discharge as evidence of bias, saying it reflects the military judge's need to "crush [convicted] Marines and get them out."  Appellant's Brief of 3 Jul 2014 at 21-22.  Unless the bad-conduct discharge is inappropriately severe, however, this argument is circular, in effect saying that the judge's bias toward awarding a punitive discharge is evidenced by his awarding a punitive discharge.  Based on our review of the record, including the appellant's extenuation and mitigation evidence, and giving "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender,'" we do not find the sentence inappropriately severe.  *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).  We, therefore, do not conclude the bad-conduct discharge supports a finding of apparent bias.[7]

As we noted in *Kish*, the military judge's statements during the PME lecture "reflect exceptionally poor judgment and invite questions regarding judicial temperament and professionalism."  *DuBay* Ruling at *38.  An examination of the entire circumstances surrounding the PME lecture, however, places the statements properly in context.  We are satisfied that any reasonable person knowing all the circumstances of the lecture, *as well as the manner in which the military judge conducted the proceedings in this case*, would not question the integrity of the judicial system.  Unlike in *Kish*, there is no "nexus between the military judge's conduct during [Kish's} trial and his later comments" at the PME lecture.  *Kish,* 2014 CCA LEXIS 358 at *13.  Rather, the contrast between the military judge's comments and his performance during the court-martial tends to underscore this court's conclusion that he was speaking during the lecture in

---

[6] We also note that, unlike in *Kish*, the appellant here pleaded guilty.

[7] This conclusion is further supported by the military judge's recommendation that the CA suspend the bad-conduct discharge.

character, and not in his own voice.  Accordingly, we find no apparent bias.

## Original Assignments of Error

Based upon our concluding there was no apparent bias, we find it unnecessary to revisit the military judge's post-trial ruling regarding the lawfulness of the MPO.  For the reasons set forth in our opinion of 7 February 2013, we find the remaining assignments of error without merit.

## Conclusion

The findings and sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court