# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**STEVEN W. MYRICK**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201200404**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 1 June 2012.
**Military Judge**: LtCol Robert G. Palmer, USMC.
**Convening Authority**: Commanding Officer, 4th Marine Corps District, New Cumberland, PA.
**Staff Judge Advocate's Recommendation**: Maj S.D. Manning, USMC.
**For Appellant**: LT Carrie E. Theis, JAGC, USN.
**For Appellee**: LT Ann E. Dingle, JAGC, USN.

**23 September 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of two specifications of violating a lawful general order by engaging in inappropriate relationships with two potential recruits and one specification of making a false official statement, in violation of Articles 92 and 107, Uniform Code of Military

Justice, 10 U.S.C. §§ 892 and 907. The military judge sentenced the appellant to confinement for five months, reduction to pay grade E-1, and a bad-conduct discharge. A pretrial agreement had no effect on the sentence. The convening authority (CA) approved the sentence as adjudged and, except for the punitive discharge, ordered it executed.

This case is before us upon remand by the United States Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the case's procedural posture. In his original appeal, the appellant claimed that the military judge was disqualified by his inflexible attitudes about sentencing and by allowing his perceptions of what Congress and the Commandant of the Marine Corps expect from Marine Corps courts-martial to enter into his deliberations. The appellant's assignment also alleged unlawful command influence. In our initial decision, *United States v. Myrick,* No. 201200404, 2013 CCA LEXIS 102 (N.M.Ct.Crim.App. 19 Feb 2013) (*per curiam*), we affirmed the findings and sentence as approved by the CA.

The appellant's subsequent appeal resulted in the CAAF setting aside our opinion and returning the case to the Judge Advocate General of the Navy for remand to this court for further consideration in light of our decision in *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014). *United States v. Myrick,* __M.J.__ , No. 13-0444/MC, 2013 CAAF LEXIS 1108 (C.A.A.F. Sept. 23, 2013) (summary disposition). The appellant has essentially reframed his original assignment of error, now claiming that he was deprived of his constitutional right to an impartial judge.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

**Background**

The appellant's claimed error focuses on post-trial comments made by the military judge. Approximately three weeks after he sentenced the appellant, the military judge presented a Professional Military Education (PME) lecture to five Marine law school students on active duty for the summer. This training

2

regarded the practice of military justice in general, and the role of a trial counsel in particular. In discussing trial strategy, the military judge encouraged the junior officers to charge and prosecute cases aggressively, referred to "crushing" the accused, stated that Congress and the Commandant of the Marine Corps wanted more convictions, and opined that trial counsel should assume the defendant is guilty. Two of the officers who attended the PME provided written statements regarding the military judge's comments, which now form the basis for the appellant's assigned error.[1] A fair reading of one statement is that the law student found the military judge's comments "odd" and "somewhat bothersome," but also believed some of the comments were made in jest.

These comments by the military judge were the subject of a hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967). Appendix to *Kish,* 2014 CCA LEXIS 358, at 15-39 (*DuBay* Hearing Findings of Fact and Conclusions of Law of 15 July 2013) (hereinafter *DuBay* Ruling). Based on the context of these statements, this court concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." This court further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *DuBay* Ruling at 38. The findings and the conclusions from the *DuBay* Ruling remain those of this court.

Additional facts that concern the procedural posture of this case or are necessary to discuss the assignments of error are incorporated below.

### Disqualification of Military Judge

We review whether a military judge has acted appropriately *de novo*.[2] "'An accused has the right to an impartial judge.'"

---

[1] One of the officers who provided a statement was the assistant trial counsel in this case, but his statement makes no mention of the appellant's trial.

[2] The CAAF has applied this standard when facing questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the

*United States v. Martinez,* 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)). There is a "strong presumption that a [military] judge is impartial." *United States v. Quintanilla,* 56 M.J. 37, 44 (C.A.A.F. 2001).

While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla,* 56 M.J. at 45 (citing *Liljeberg v. Health Service Acquisition Corp.,* 486 U.S. 847, 860 (1988)).

The appellant alleges both actual and apparent bias. As this court has already held that the military judge's PME statements do not support a determination of actual bias against service member defendants,[3] and the appellant has made no showing that the military judge had a personal bias or prejudice concerning him or his case, we find no actual bias here. Accordingly, we now look to whether there was apparent bias concerning the appellant's case.

The test we apply is "whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez,* 70 M.J. at 157 (citation and internal quotation marks omitted). This test may be met when there is "'any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" *Id.* at 158-59 (quoting *United States v. Kincheloe,* 14 M.J. 40, 50 (C.M.A. 1982)).

The appellant quotes the military judge's PME statements, arguing that their close relationship in time to his court-martial indicates an actual bias on the part of the military

---

qualification of a staff judge advocate to make the post-trial recommendation).

[3] *Dubay* Ruling at *38.

4

judge.[4]  Again, we limit our examination to whether this temporal relationship supports a finding of apparent bias.  We find it does not.  Absent any aspect of the court-martial itself that would lead a reasonable person to question whether the military judge's PME comments were in fact reflective of a personal bias, we conclude this closeness in time, standing alone, is insufficient to support a finding of apparent bias.

The appellant has cited no examples at his court-martial where the military judge acted improperly or in any way demonstrated a lack of impartiality.  A thorough reading of the record reveals none.  To the contrary, the military judge made clear his willingness to help the trial defense counsel overcome any difficulties in questioning a witness who had declined to speak with him before trial.[5]  Unlike in *Kish*, the military judge did nothing at trial to bring his impartiality into question.[6]  Thus, in this case, the effect of the PME comments is not compounded with anything at trial to reach the level of undermining public confidence in the judicial system's integrity.

The appellant does cite to the sentence of five months' confinement and a punitive discharge as evidence of bias, saying it reflects the military judge's need to "crush [convicted] Marines and get them out."[7]  The facts here do not support this conclusion.  Based on our review of the record, including the appellant's extenuation and mitigation evidence, we find the sentence to be within the range of reasonable and expected sentences, and not so severe as to cause concern.  We, therefore, do not conclude the five months' confinement and bad-conduct discharge support a finding of apparent bias.[8]

---

[4] The PME lecture occurred 20 days after the appellant's court-martial.

[5] Specifically, the military judge said, "I was going to give you wide latitude," and, "I just wanted you to make sure that you knew I'd help you out if you needed it."  Record at 71.

[6] We also note that, unlike in *Kish*, the appellant here pleaded guilty.

[7] Appellant's Brief of 3 Jul 2014 at 20-21.

[8] This sentence was less than what the appellant was willing to accept under the pretrial agreement he negotiated with the CA.

As we noted in *Kish*, the military judge's statements during the PME lecture "reflect exceptionally poor judgment and invite questions regarding judicial temperament and professionalism."[9] An examination of the entire circumstances surrounding the PME lecture, however, places the statements properly in context. We are satisfied that any reasonable person knowing all the circumstances of the lecture, *as well as the manner in which the military judge conducted the proceedings in this case*, would not question the integrity of the judicial system. Unlike in *Kish*, there is no "nexus between the military judge's conduct . . . and his later comments" at the PME lecture. *Kish,* 2014 CCA LEXIS 358 at \*13. Rather, the contrast between the military judge's comments and his performance during the court-martial tends to underscore this court's conclusion that he was speaking during the lecture in character, and not in his own voice. Accordingly, we find no apparent bias.[10]

### Unlawful Command Influence

As part of his argument regarding the post-trial comments made by the military judge, the appellant raises the issue of unlawful command influence. When raising this issue on appeal, the appellant must: "'(1) show facts which, if true, constitute unlawful command influence; (2) show that the proceedings were unfair; and, (3) show that the unlawful command influence was the cause of the unfairness.'" *United States v. Dugan,* 58 M.J. 253, 258 (C.A.A.F. 2003) (quoting *United States v. Biagase,* 50 M.J. 143, 150 (C.A.A.F. 1999)) (additional citation omitted). Here, the appellant claims the existence of unlawful command influence based on a report that the military judge made comments that Congress and the Commandant of the Marine Corps want to see more convictions. Even if this were enough to satisfy the first prong, the appellant fails to show that his proceeding was unfair and that the unlawful command influence was the cause of the unfairness. The events are simply too attenuated from the facts of the appellant's court-martial to support a retroactive finding of unfairness in the proceedings.

---

[9] *DuBay* Ruling at \*38.

[10] In our original opinion in this case, we assumed evidence of apparent bias and looked for prejudice under *Liljeberg*. (We found none.) Now, having the benefit of the *DuBay* hearing in *Kish*, we do not believe a reasonable man *knowing all the circumstances* could question the military judge's impartiality in this case.

While "[t]here is no doubt that the appearance of unlawful command influence is as devastating to the military justice system as the actual manipulation of any given trial. . . . there must be something more than an appearance of evil to justify action by an appellate court in a particular case. 'Proof of [command influence] in the air, so to speak, will not do.' We will not presume that a military judge has been influenced simply by the proximity of events which give the appearance of command influence in the absence of a connection to the result of a particular trial." *United States v. Allen,* 33 M.J. 209, 212 (C.M.A. 1991) (citations, internal quotation marks, and footnote omitted).

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court