# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, K.M. MCDONALD**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**JOSHUA W. TIGER**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201200284**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 19 April 2012.
**Military Judge:** LtCol Robert G. Palmer, USMC.
**Convening Authority:** Commanding Officer, First Marine Corps District, Eastern Recruiting Region, Garden City, NY.
**Staff Judge Advocate's Recommendation:** Col E.L. Kleis, USMC.
**For Appellant:** LT Carrie E. Theis, JAGC, USN.
**For Appellee:** LT Ann E. Dingle, JAGC, USN.

**26 November 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general order (engaging in inappropriate social relationships with a prospective recruit applicant), one specification of making a false official statement, one specification of sodomy with a prospective recruit applicant, and one specification of adultery in

violation of Articles 92, 107, 125, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 925, and 934. The military judge sentenced the appellant to confinement for four months, forfeiture of $994.00 pay per month for four months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA), in accordance with the pretrial agreement, approved the sentence as adjudged, but suspended all confinement for twelve months and except for the punitive discharge, ordered it executed.

This case is before us upon remand by the United States Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the case's procedural posture. In his original appeal, the appellant asserted two assignments of error; First, that a bad-conduct discharge was unjustifiably severe and second, that the military judge was disqualified by his inflexible attitudes about sentencing and by allowing his perceptions of what Congress and the Commandant of the Marine Corps expect from Marine Corps courts-martial to enter into his deliberations. The appellant also alleged unlawful command influence. In our initial decision, *United States v. Tiger,* No. 201200284, 2012 CCA LEXIS 718, unpublished op. (N.M.Ct.Crim.App. 30 Nov 2012) (*per curiam*) (hereinafter *Tiger* I), we affirmed the findings and sentence as approved by the CA.

The appellant's subsequent appeal from our decision resulted in the CAAF setting aside our opinion and returning the case to the Judge Advocate General of the Navy for remand to this court for further consideration after our decision in *United States v. Kish,* No. 201100404, 2014 CCA LEXIS 358, unpublished op. (N.M.Ct.Crim.App. 17 Jun 2014) (hereinafter *Kish). United States v. Tiger,* 73 M.J. 54 (C.A.A.F. Sep. 23, 2013) (summary disposition). The appellant has essentially reframed his second assignment of error, now claiming that he was deprived of his constitutional right to an impartial judge. After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.[1]

---

[1] For the reasons contained in our decision dated 30 November 2012, we find that the approved sentence is appropriate for this offender and his offenses, and that the appellant has not shown that his proceeding was unfair and that unlawful command influence was the cause of the unfairness.

**Factual and Procedural Background**

In March 2011, the appellant was serving as a recruiter when he entered into a sexual relationship with an eighteen-year-old high school senior who the appellant had recently contracted into the United States Marine Corps' Delayed Entry Program. Over a two-month period, the appellant engaged in sexual intercourse and sodomy with this recruit in his office, his residence, and in a public parking lot. Their relationship ended when someone reported it to the appellant's command.

The appellant now claims error, focusing on post-trial comments made by the military judge approximately two months after his court-martial. Nine weeks after he sentenced the appellant, the military judge presented a Professional Military Education (PME) lecture to five Marine law school students on active duty for the summer.[2]

This training regarded the practice of military justice in general, and the role of a trial counsel in particular. In discussing trial strategy, the military judge encouraged the junior officers to charge and prosecute cases aggressively, referred to "crushing" the accused, stated that Congress and the Commandant of the Marine Corps wanted more convictions, and opined that trial counsel should assume the defendant is guilty. Two of the officers who attended the PME provided written statements regarding the military judge's comments, which now form the basis for the appellant's assigned error.

These comments by the military judge were the subject of a hearing pursuant to *United States v. DuBay,* 37 C.M.R. 411 (C.M.A. 1967). The results of the *DuBay* hearing are contained in the Appendix to *Kish*. Based on the context of these statements, this court concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." *Kish* at *38. This court further concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *Id.* We adopt the findings and conclusions from *Kish* and incorporate them therein.

_____

[2] The military judge sentence the appellant on 19 April 2012. Record at 96. The PME was given by the military judge on 21 June 21, 2012. *Kish* at *22.

3

Additional facts that concern the procedural posture of this case or are necessary to discuss the assignments of error are incorporated below.

## Disqualification of Military Judge

We review whether a military judge has acted appropriately *de novo.*[3] "'An accused has the right to an impartial judge.'" *United States v. Martinez,* 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher,* 56 M.J. 87, 90 (C.A.A.F. 2001)). There is a "strong presumption that a [military] judge is impartial." *United States v. Quintanilla,* 56 M.J. 37, 44 (C.A.A.F. 2001).

While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla,* 56 M.J. at 45 (citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988)).

Here, the appellant alleges both actual and apparent bias. As this court has already held that the military judge's PME statements do not support a determination of actual bias against service member defendants,[4] and the appellant has made no showing that the military judge had a personal bias or prejudice concerning him or his case, we find no actual bias in this case. Accordingly, we now look to whether there was apparent bias concerning the appellant's case.

The test we apply is "whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez,* 70 M.J. at 157 (citation and internal quotation marks omitted). This test may be met when there is "'any conduct that would lead a reasonable man knowing all the

---

[3] The CAAF has applied this standard when facing questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the qualification of a staff judge advocate to make the post-trial recommendation).

[4] *Kish* at *38.

4

circumstances to the conclusion that the judge's impartiality might reasonably be questioned.'" *Id.* at 158-59 (quoting *United States v. Kincheloe,* 14 M.J. 40, 50 (C.M.A. 1982)).

The appellant quotes the military judge's PME statements, arguing that their close relationship in time to his court-martial indicates an actual bias on the part of the military judge. Again, we limit our examination to whether this temporal relationship supports a finding of apparent bias. We find it does not. Absent any aspect of the court-martial itself that would lead a reasonable person to question whether the military judge's PME comments were in fact reflective of a personal bias, we conclude this closeness in time, standing alone, is insufficient to support a finding of apparent bias.

The appellant has cited no examples at his court-martial where the military judge acted improperly or in any way demonstrated a lack of impartiality. The military judge conducted a thorough providence inquiry, entered findings consistent with the appellant's pleas and adjudged a sentence well below the jurisdictional maximum.[5] A thorough reading of the record reveals none. Unlike in *Kish*, the military judge did nothing at trial to bring his impartiality into question.[6] Thus, in this case, the effect of the PME comments is not compounded with anything at trial to reach the level of undermining public confidence in the judicial system's integrity.

The appellant does cite to the sentence which included a punitive discharge as evidence of bias, saying it reflects the military judge's need to "crush [convicted] Marines and get them out."[7] The facts here do not support this conclusion. Based on our review of the record, we find the sentence to be within the range of reasonable and expected sentences, and not so severe as to cause concern. We, therefore, do not conclude the four months' confinement, forfeiture of $994.00 pay per month for four months, being reduced to E-1 pay grade, and a bad-conduct discharge support a finding of apparent bias.

As we noted in *Kish*, the military judge's statements during the PME lecture "reflect exceptionally poor judgment and invite

---

[5] The military judge's sentence of four month's confinement was less than the twelve months of confinement requested by the trial counsel. Record at 83.

[6] We also note that, unlike in *Kish*, the appellant here pleaded guilty.

[7] Appellant's Brief of 3 Jul 2014 at 20.

questions regarding judicial temperament and professionalism." *Kish* at *38. An examination of the entire circumstances surrounding the PME lecture, however, places the statements properly in context. We are satisfied that any reasonable person knowing all the circumstances of the lecture, *as well as the manner in which the military judge conducted the proceedings in this case*, would not question the integrity of the judicial system. Unlike in *Kish*, there is no "nexus between the military judge's conduct . . . and his later comments" at the PME lecture. *Id.* at *13. Rather, the contrast between the military judge's comments and his performance during the court-martial tends to underscore this court's conclusion that he was speaking during the lecture in character, and not in his own voice. Accordingly, we find no apparent bias.[8]

## Conclusion

The findings and the sentence as approved by the CA are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

---

[8] In our original opinion in this case, we assumed evidence of apparent bias and looked for prejudice under *Liljeberg*. We found none. *Tiger* I at *8. Now, having the benefit of the *DuBay* hearing in *Kish*, we do not believe a reasonable man *knowing all the circumstances* could question the military judge's impartiality in this case.